González, Demandante y Apelante, *v.* Central Pasto Viejo, Inc., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2011.—Resuelto en diciembre 21, 1920.

Cesión—Peso de la Prueba.—Cuando un acreedor obtiene sentencia contra un deudor por virtud de una reclamación válida y en la ejecución de la sentencia encuentra que todos los bienes han sido traspasados a otra persona, dicho acreedor podrá embargar a su riesgo dichos bienes, y si en una controversia con el cesionario prueba el acreedor que en determinada fecha toda esta propiedad pertenecía al deudor, entonces es el cesionario quien tiene la obligación de probar que él adquirió el título a la propiedad.

Id.—Id.—Posesión.—La mera posesión por el cesionario de nada servirá contra el título que tiene el deudor que ha sido subrogado en el procedimiento de ejecución por el acreedor. Un acreedor, sin embargo, no necesita proceder a la sentencia y ejecución, pues puede seguir el procedimiento más eficaz de presentar una demanda para que los bienes que están en poder del cesionario queden sujetos al pago de su reclamación; y cuando la demanda es contra el cesionario y el demandante prueba que el título a la propiedad lo tiene su primitivo deudor, entonces el cesionario tiene asimismo la obligación de probar que él tiene el título.

Id.—Sindicatura—Reorganización de Corporaciones Insolventes—Créditos Comunes no Incluídos en la Reorganización.—Cuando una corporación compra en pública subasta, bajo las órdenes de una corte competente, todos los bienes de una corporación insolvente de acuerdo con ciertas condiciones impuestas por la corte, y la prueba tiende a mostrar el cumplimiento de esas condiciones y la jurisdicción de la corte, en ausencia de una asunción de las deudas de la corporación insolvente por la nueva corporación, no puede prosperar una demanda contra ésta en cobro de un crédito contra la corporación insolvente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Muñoz Morales.*

Abogados de la apelada: *Sres. F. Soto Gras, A. Nava y Domínguez* y *R. Siaca González.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Este fué un caso en el que según los autos y alegatos originalmente radicados la corte no estaba enteramente satisfecha de si debía considerarse o no a la Central Pasto Viejo ya como continuadora de la Borinquen Sugar Company, o responsable por todas las obligaciones de esta última, por lo cual ordenamos la celebración de una nueva vista.   También deseábamos oir la discusión sobre la aplicación que pudieran tener los artículos 1789 al 1794 del Código Civil y por tanto, si la segunda compañía podía considerarse como una gestora oficiosa.   Las partes no han discutido la aplicabilidad de estos artículos y después de hacer un minucioso examen estamos convencidos de que tal cuestión litigiosa no estaba realmente envuelta en las alegaciones, ni fué promovida en la corte inferior aún cuando los hechos justificaran la aplicación de estas secciones.

La verdadera cuestión envuelta en el juicio fué la expresada en el párrafo octavo de la demanda enmendada, el cual es como sigue:

"VIII. Que por virtud de un decreto de la Corte de Distrito de los Estados Unidos para Puerto Rico de fecha 23 de junio de 1915 y a solicitud de la corporación demandada, Central Pasto Viejo, Inc., ésta se constituyó en sucesora legal de la Borinquen Sugar Company, obligándose a satisfacer todos los créditos preferentes y comunes que existieran contra dicha corporación, Borinquen Sugar Company."

Esta alegación fué negada por la demandada y en su contestación alegó sustancialmente que había adquirido todos los bienes de la Borinquen Sugar Company en una venta en pública subasta ordenada por la Corte de Distrito de los Estados Unidos para Puerto Rico, quedando sujeta dicha venta solamente a ciertas condiciones entre las cuales no estaba la de asumir el pago de los créditos comunes de la Borinquen Sugar Company, sino de ciertos créditos bajo determinadas condiciones, como se expresa en las órdenes de dicha corte y aparecen de la oferta hecha por la demandada de comprar dicha propiedad y como asimismo quedaron comprendidas

en el proyecto ·de reorganización ·de la mencionada Borinquen Sugar Company.

Cuando un acreedor tiene una reclamación válida contra un deudor, ·obtiene sentencia contra él y al ejecutar la sentencia encuentra que todos los bienes han sido traspasados a otra persona, dicho acreedor puede, a su riesgo, incautarse de los bienes así traspasados. Si en una discusión con el cesionario el acreedor prueba que en cierta fecha toda esta propiedad era propiedad del deudor, entonces el cesionario está en la obligación de demostrar que adquirió un título sobre la propiedad. La mera posesión por el cesionario no serviría de oposición al título del deudor subrogado en el procedimiento de ejecución por el acreedor. Un acreedor, sin embargo, no necesita proceder a que se dicte sentencia y ejecución sino que puede adoptar el método más seguro de radicar una demanda para que la propiedad que está en poder del cesionario quede sujeta al pago de la reclamación del acreedor como se hizo en este caso. Cuando la demanda es contra el cesionario y el demandante prueba que el título a la propiedad lo tiene el primitivo deudor, entonces el cesionario tiene asimismo la obligación de demostrar que él es quien tiene el título, como lo hizo o trató de hacer la demandada en este caso. Sea o no suficiente para traspasar el título a la propiedad o cambiar el peso de la prueba la mera prueba de la orden de una corte competente presentada en juicio de donde aparece que existe una sindicatura y ·venta hecha de los bienes por virtud de las órdenes de esa corte, es' cuestión que no creemos necesario discutir extensamente. En la vista la demandada sostuvo firmemente que sostener lo contrario sería atacar las órdenes de la corte de distrito de los Estados Unidos para Puerto Rico. Basta con decir que aún cuando se alegue que existen procedimientos ante una corte, nos inclinamos a creer que un cesionario debe probar el debido proceso de ley y hecho por el cual la propiedad fué quitada al deudor y puesta en poder de un tercero. Nos in-

clinamos sin embargo, a creer que la demandada afrontó y cumplió esta obligación en este caso.

Podríamos haber sido algo más claros en nuestra apreciación respecto al caso si la demandada nos hubiera mostrado las alegaciones presentadas en la Corte de los Estados Unidos para Puerto Rico, de modo que pudieramos saber de modo más terminante cómo y hasta qué punto esa corte adquirió jurisdicción sobre la propiedad de la Borinquen Sugar Company.

En el juicio de este caso varias órdenes e informes radicados en la Corte de Distrito de los Estados Unidos para Puerto Rico fueron presentados como prueba. Aunque esta prueba no era tan amplia como debió haber sido y hubiera sido mejor radicar las alegaciones como lo fueron en aquella corte, sin embargo la corte inferior estuvo justificada al declarar que la Corte de Distrito de los Estados Unidos para Puerto Rico adquirió jurisdicción sobre la propiedad de la Borinquen Sugar Co. en un procedimiento ejecutivo de hipoteca que también vino finalmente a participar de la naturaleza de una demanda general de acreedores. Además en favor de la jurisdicción de la Corte de Distrito de los Estados Unidos sobre dichos bienes está el hecho de que el demandante en la corte inferior no discutió ni impugnó la jurisdicción de la referida Corte de Distrito de los Estados Unidos.

Lo que en la demanda enmendada se alegaba era que la demandada había asumido el pago de todas las deudas de la Borinquen Sugar Company. En cuanto a esto, los hechos son los siguientes: Mientras estaban pendientes estos procedimientos de ejecución de hipoteca en la Corte de Distrito de los Estados Unidos, ciertos accionistas y acreedores se reunieron y organizaron una nueva compañía que se hizo cargo de comprar toda la propiedad de la Borinquen Sugar Company, bajo una base de distribución determinada que fuese satisfactoria a las partes realmente ante la corte y a la corte misma. Sin embargo, se ordenó que se vendiese la

propiedad en pública subasta por el síndico. Esta fué realmente vendida de tal modo siendo la demandada el mejor postor que pagó cierta suma de dinero en la corte y asumió el pago de ciertos créditos preferentes y de pagar total o proporcionalmente determinados créditos comunes hasta cierta cantidad, siendo ésta parte del precio total de compraventa de la propiedad de la Borinquen Sugar Company. Para tener participación en la distribución de este fondo, todos los acreedores comunes debían presentar sus reclamaciones a la corte dentro de un término preciso. El apelante en este caso fué notificado y no compareció, pero la mera notificación a él no hubiera afectado a su derecho a reclamar la propiedad si la Central Pasto Viejo no había adquirido título sobre ella mediante los debidos procedimientos. No vemos que la alegación hecha por el demandante en el párrafo octavo de su demanda estuviera justificada por la prueba. La demandada pagó cierto precio por la propiedad el cual en parte se componía de un pago directo en la corte y en parte de la obligación de pagar ciertas deudas determinadas. La referida demandada jamás asumió el pago de todas las deudas de la Borinquen Sugar Company aunque en una y otra parte de las órdenes y procedimientos existen palabras que parecen indicarlo. Realmente la demandada sólo se hizo cargo de pagar como parte de la compra y hasta cierto límite, a los acreedores comunes que vinieran a la corte con sus reclamaciones.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.